UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

        - v. -                 :    INFORMATION

FARMUZ UL HAQ,                    :    07 Cr.

        Defendant.              :

- - - - - - - - - - - - - - - - - - - - - - - - - - x

COUNT ONE
(Conspiracy To Traffic in Counterfeit Goods,
To Bribe a Public Official,
and To File a False Visa Application)

The United States Attorney charges:

1. From in or about 2003 through in or about December 2006, in the Southern District of New York and elsewhere, FARMUZ UL HAQ, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, trafficking in counterfeit goods, bribing a public official, and filing a false application for a United States visa.

2. It was a part and object of the conspiracy that FARMUZ UL HAQ, the defendant, and others known and unknown would and did traffic in goods and knowingly use a counterfeit mark on and in connection with such goods, in violation of Title 18, United State Code, Section 2320(a).

3. It was a further part and object of the conspiracy that FARMUZ UL HAQ, the defendant, and others known and unknown

would and did, directly and indirectly, corruptly give, offer and promise things of value to a public official to influence an official act, and to influence such public official to commit and aid in committing, and collude in, and allow, a fraud, and make opportunity for the commission of a fraud, on the United States, and to induce such public official to do and omit to do an act in violation of the lawful duty of such official, in violation of Title 18, United States Code, Section 201(b)(1).

    4.    It was a further part and object of the conspiracy that FARMUZ UL HAQ, the defendant, and others known and unknown would and did make under oath, and as permitted under penalty of perjury under Section 1746 of Title 28, United States Code, subscribe as true, a false statement with respect to a material fact in an application, affidavit, and other document required by the immigration laws and regulations prescribed thereunder, and would and did present an application, affidavit and other document which contained a false statement and failed to contain a reasonable basis in fact, in violation of Title 18, United States Code, Section 1546(a).

### Overt Acts

    5.    In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a.    On or about March 18, 2005, a co-conspirator not named as a defendant herein ("CC-1"), who was a purchaser of

counterfeit clothing from HAQ, submitted to the Department of Homeland Security, for HAQ, a petition for a nonimmigrant worker seeking a visa, which petition falsely claimed that HAQ would be employed in Florida by CC-1.

      b. On or about June 28, 2005, FARMUZ UL HAQ, the defendant, took delivery through an employee in Newark, New Jersey, of approximately 188 cartons of counterfeit goods, delivered by an undercover Bureau of Immigration and Customs Enforcement agent ("UC-1") posing as an individual who had the ability to cause goods to clear through U.S. Customs and Border Protection by corrupt means.

      c. On or about June 28, 2005, FARMUZ UL HAQ, the defendant, paid UC-1 $5,000 in New York, New York, in return for the corrupt services HAQ believed UC-1 had performed in connection with the delivery of the counterfeit goods to Newark, New Jersey.

(Title 18, United States Code, Section 371.)

## COUNT TWO

The United States Attorney further charges:

      6. From in or about 2003 through in or about December 2006, in the Southern District of New York and elsewhere, FARMUZ UL HAQ, the defendant, unlawfully, willfully, knowingly and intentionally trafficked and attempted to traffic in goods and knowingly used a counterfeit mark on and in connection with such goods, to wit, the defendant trafficked, and attempted to

traffic, in clothes bearing the counterfeit trademarks of "Akademiks," "Apple Bottoms," "Baby Phat," "Enyce," "Evisu," "Lacoste," "LRG," "Marithe Francois Girbaud," "Nike," "Pepe," "Red Monkey," "Rocawear," "Route 66," and "Sean John," among others.

(Title 18, United State Code, Section 2320(a) and 2.)

## COUNT THREE

The United States Attorney further charges:

7. From in or about May 2005 through in or about December 2006, in the Southern District of New York and elsewhere, FARMUZ UL HAQ, the defendant, unlawfully, willfully, and knowingly, directly and indirectly, did corruptly give, offer and promise things of value to a public official to influence an official act, and to influence such public official to commit and aid in committing, and collude in, and allow, a fraud, and make opportunity for the commission of a fraud, on the United States, and to induce such public official to do and omit to do an act in violation of the lawful duty of such official, to wit, HAQ made payments to an undercover agent with the belief that a portion of the payments would be used to bribe a government official to clear containers of imported merchandise through U.S. Customs and Border Protection without inspection.

(Title 18, United States Code, Sections 201(b)(1) and 2.)

COUNT FOUR

The United States Attorney further charges:

8. From in or about March 2005 through in or about December 2006, in the Southern District of New York and elsewhere, FARMUZ UL HAQ, the defendant, unlawfully, willfully, and knowingly did make under oath, and as permitted under penalty of perjury under Section 1746 of Title 28, United States Code, subscribe as true, a false statement, and did aid and abet the same, with respect to a material fact in an application, affidavit, and other document required by the immigration laws and regulations prescribed thereunder, and did present an application, affidavit and other document which contained a false statement and failed to contain a reasonable basis in fact, to wit, HAQ provided information to an American employer for the submission to the Department of Homeland Security of a fraudulent petition for a nonimmigrant worker visa.

(Title 18, United States Code, Sections 1546(a) and 2.)

FORFEITURE ALLEGATIONS

9. As the result of committing the counterfeiting and bribery offenses in violation of Title 18, United States Code, Sections 201(b)(1), 2320(a) and 2, as alleged in Counts Two and Three of this Information, FARMUZ UL HAQ, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable

to the commission of the offenses, including but not limited to at least $1,870,000.00 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the offenses charged in Counts Two and Three of this Information.

10. As the result of committing the visa fraud offense in violation of Title 18, United States Code, Section 1546(a), as alleged in Count Four of this Information, FARMUZ UL HAQ, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(6), all property, real and personal, that constitutes or is derived from or is traceable to proceeds obtained directly or indirectly from the commission of the offense; and all property, real or personal, that was used to facilitate, or was intended to be used to facilitate, the commission of the offense.

Substitute Assets Provision

11. If any of the property described above as being subject to forfeiture, as result of any act or omission of the defendant

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value;

        or

    e.    has been commingled with other property which cannot be divided without difficulty,

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

(Title 18, United States Code, Sections 201, 981, 982, 1546, 2320
    and 2; Title 21, United States Code, Section 853(p).)

 

_____
MICHAEL J. GARCIA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

===

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

===

UNITED STATES OF AMERICA

- v. -

FARMUZ UL HAQ,

        . **Defendant.**

===

**INFORMATION**

07 Cr.

(Title 18, United States Code,
Sections 371, 201(b)(1), 2320,
1546(a), and 2)

MICHAEL J. GARCIA
United States Attorney.

===

0293